DECISION
This matter is before the court on Defendant's Motion to Dismiss, filed November 25, 2009. Telephone oral argument was held Monday, January 11, 2010. Plaintiff appeared on his own behalf. Faith Derickson appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
Plaintiff appeals Defendant's denial of his written objection to "the interest on underpayment of estimated taxes (UND)" which was assessed on July 7, 2008. (Def's Ltr at 1, Apr 29, 2009.) In its letter, Defendant stated that if Plaintiff did not agree with the decision, he "must appeal to the Magistrate Division of the Oregon Court within 90 days from the date of this letter."
Plaintiff's Complaint was postmarked November 9, 2009. Defendant filed its Motion to Dismiss, stating that "Plaintiff's appeal rights expired [on] 07/28/09." Defendant cites ORS 305.280, stating "that taxpayers have 90 days after the Written Objection decision is issued to appeal to the Magistrate Division." (Def's Mot to Dismiss at 1, Nov 25, 2009.)
Plaintiff alleges that because he never received Defendant's letter dated January 16, 2009, he never had "actual notice" that is required by law and should not be denied his opportunity to provide the additional information requested by Defendant in its letter. He alleges that he had *Page 2 
"actual notice" when "[i]n October of 2009" he "received a Notice of Intent to Offset Federal Income Tax Refund" and "[h]e also received a Distraint Warrant and Writ of Execution." (Ptf's Supporting Memo at 2.) Plaintiff states that he promptly filed an appeal. Defendant responds stating the standard Plaintiff describes as "actually known to the person" that appears in ORS 305.280(1) only refers to "appeals under ORS305.275" and "Plaintiff's appeal does not qualify as an appeal under that statute. (ORS 305.275(1))." (Def's Resp at 1, Dec 7, 2009.)
 II. ANALYSIS
Plaintiff appeals Defendant's determination denying his written objection. ORS 305.280(1)[1] states in pertinent part that:
 "An appeal from a supervisory order or other order or determination of the Department of Revenue shall be filed within 90 days after the date a copy of the order or determination or notice of the order or determination has been served upon the appealing party by mail as provided in ORS 306.805."
ORS 306.805(2) specifically references how orders in property tax cases and other orders are to be served by mailing.[2]
Plaintiff's Complaint was postmarked November 9, 2009. That interval is longer than the 90 days required by ORS 305.280(1). The court is not aware of any statutory authority that extends the statutory limit of 90 days.
Plaintiff alleges that ORS 305.280(1) which relates to appeals under ORS 305.275(1) or (2) is applicable to his appeal. ORS 305.275(1)(b) addresses appeals of an "act, omission, order or determination" affecting "the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on *Page 3 
the property." Plaintiff's appeal of Defendant's determination does not relate to his property; ORS 305.275(1) is not applicable.
ORS 305.275(2) states that "[e]xcept as otherwise provided by law, any person having a statutory right of appeal under the revenue and tax laws of the state may appeal to the tax court as provided in ORS 305.404 to305.560." ORS 305.275(2) begins with the phrase "[e]xcept as otherwise provided by law." ORS 305.280(1) "otherwise" provides that an appeal of a determination "shall be filed within 90 days after the date a copy" of the determination has been served on the taxpayer. Given the statutory provision of ORS 305.280(1), Plaintiff cannot invoke the additional requirement of actual knowledge that is not part of the statutory provision applicable to his appeal.
 III. CONCLUSION
Because Plaintiff failed to file his appeal within 90 days after receiving a copy of Defendant's determination, Plaintiff's appeal was not timely filed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner on
 February 18, 2010. The Court filed and entered this document onFebruary 18, 2010
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Defendant erroneously cites ORS 305.265(11) which states: "Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." (Emphasis added.) ORS 305.265 pertains to deficiency and assessment notices. Plaintiff verbally stated that he is not appealing Defendant's Notice of Deficiency Assessment but, rather, Defendant's determination to deny his written objection. *Page 1